UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Myron Tyrone Williams,

               Petitioner,      Case No. 21-11569

v.                                Judith E. Levy
                                  United States District Judge
Chandler Cheeks,

                                Mag. Judge Patricia T. Morris

               Respondent.

_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS [9] AND DENYING CERTIFICATE OF <u>APPEALABILITY</u>**

      Myron Tyrone Williams, a prisoner in the custody of the Michigan Department of Corrections, filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. (ECF No. 1.) He challenges his 2014 convictions for first-degree felony murder, Mich. Comp. Laws § 750.316(1)(b), and unarmed robbery, Mich. Comp. Laws § 750.530. Respondent has filed a motion to dismiss, arguing that the petition should be dismissed because it is untimely. (ECF No. 9.)

The Court finds that the petition for a writ of habeas corpus is untimely and grants Respondent's motion to dismiss. The Court also declines to issue a certificate of appealability.

I. **Background**

Petitioner was convicted by a jury in Wayne County Circuit Court of first-degree felony murder, Mich. Comp. Laws § 750.316(1)(b), second-degree murder, Mich. Comp. Laws § 750.317, and unarmed robbery, Mich. Comp. Laws § 750.530. On April 23, 2014, the trial court sentenced him to life imprisonment for the felony-murder conviction and a concurrent prison term of 8 years and 4 months' to 15 years' imprisonment for the unarmed robbery conviction. *People v. Williams*, No. 321582, 2015 WL 6161559, at *1 (Mich. Ct. App. Oct. 20, 2015). The trial court vacated the second-degree murder conviction. *Id.*

Petitioner filed an appeal of right in the Michigan Court of Appeals, and the Michigan Court of Appeals affirmed. *Id.* The Michigan Supreme Court denied leave to appeal. *People v. Williams*, 499 Mich. 916 (2016).

On October 6, 2016, Petitioner filed a motion for relief from

judgment in the trial court. (*See* ECF No. 10-21, PageID.3225–3231.) The trial court denied the motion on January 20, 2017 (*id.*), and subsequently denied Petitioner's motion for reconsideration on April 26, 2017. (*Id.* at PageID.3219–3222). Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, which was denied on January 3, 2018. (*Id.* at PageID.3182.) On July 27, 2018, the Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Williams*, 502 Mich. 938 (2018).

On October 15, 2018, Petitioner filed a second motion for relief from judgment in the trial court based on alleged newly discovered evidence. (ECF No. 10-18.) The trial court denied the motion because Petitioner failed to demonstrate a retroactive change in the law or newly discovered evidence which would allow him to file a successive motion for relief from judgment under Michigan Court Rule 6.502(G)(2). (ECF No. 10-23, PageID.3356–3364.) The court also denied Petitioner's motion for reconsideration. (*Id.* at PageID.3383–3384.) The Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal

because Petitioner "failed to demonstrate the entitlement to an application of any of the exceptions to the general rule that a movant may not appeal the denial of a successive motion for relief from judgment." (ECF No. 10-23, PageID.3293.) The Michigan Supreme Court denied leave to appeal on April 27, 2021. *People v. Williams,* 507 Mich. 931 (2021).

On May 7, 2021, Petitioner filed the pending habeas corpus petition. (ECF No. 1.) Respondent filed a motion to dismiss on the ground that the petition was not filed within the applicable one-year statute of limitations. (ECF No. 9.) Petitioner has filed a response arguing that, contrary to Respondent's argument, the limitations period was tolled while his second motion for relief from judgment was pending in state court. (ECF No. 11.)

## II. Discussion

A one-year limitations period applies to all habeas corpus petitions. *See* 28 U.S.C. § 2254(d)(1). A prisoner must file a federal habeas corpus petition "from the latest" of four dates: (A) the date on which the state-

court judgment became final; (B) the removal date of an unconstitutional state impediment to filing for federal habeas relief; (C) the date the Supreme Court recognizes a new constitutional right made retroactive and applicable to collateral review; or (D) the date the prisoner discovered new facts that could not have been discovered previously. 28 U.S.C. § 2244(d)(1).

Petitioner is not relying on a newly-recognized constitutional right or on newly discovered facts, and he has not alleged that a state-created impediment prevented him from filing a timely petition. Consequently, the relevant subsection here is § 2244(d)(1)(A), which states that a conviction becomes final at the latest of "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Under § 2244(d)(1)(A), the petition was not timely filed. Petitioner appealed his convictions first to the Michigan Court of Appeals, and then to the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal on May 2, 2016. *Williams*, 499 Mich. at 916. Petitioner

had ninety days from that date to file a petition for writ of certiorari with the United States Supreme Court, which he did not do. Accordingly, his conviction became final on July 31, 2016, when the time period for seeking certiorari expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired). The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions. *Id.* at 285. Accordingly, the limitations period commenced on August 1, 2016.

The limitations period continued to run until October 6, 2016, when Petitioner filed a motion or relief from judgment in the trial court. At that point, 66 days of the one-year limitations period had expired. Under § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State collateral or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §

2244(d)(2). Petitioner's state collateral review proceeding ended on July 27, 2018, when the Michigan Supreme Court denied Petitioner's motion for reconsideration from the denial of his application for leave to appeal. After that date, Petitioner no longer had a state collateral review proceeding pending. The limitations period thus resumed running on July 28, 2018, and expired 299 days later – on or about May 23, 2019.

Petitioner filed a second motion for relief from judgment in the trial court on October 15, 2018. But the second motion did not toll the one-year limitations period. An application for state post-conviction relief must be "properly filed" in order to trigger the tolling provisions of 28 U.S.C. § 2244(d)(2). Under Michigan Court Rule 6.502(G), a criminal defendant in Michigan can typically only file one motion for relief from judgment concerning a conviction. The rule allows for the filing of a second or subsequent motion only based upon a retroactive change in the law that occurred after the first motion was filed or a claim of new evidence that was not discovered before the first motion, or upon a significant possibility of innocence. Mich. Ct. R. 6.502(G).

The trial court denied Petitioner's second motion for relief from judgment because he failed to satisfy the exceptions under Michigan Court Rule 6.508(G). Because Petitioner's second motion was denied by the trial court as successive, it was not properly filed and did not toll the limitations period under 28 U.S.C. § 2244(d)(2). *Williams v. Birkett*, 670 F.3d 729, 733 (6th Cir. 2012) (holding that second motion for relief from judgment that is rejected because it does not meet the limited exceptions of Mich. Ct. R. 6.502(G) is not properly filed and does not toll the statute of limitations) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005), and *Artuz v. Bennett*, 531 U.S. 4, 10–11 (2000)). Accordingly, Petitioner's habeas corpus petition was filed after the statutory limitations period had run.

Equitable tolling is available to toll a statute of limitations when "'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) (*quoting Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir.

2000)). In the habeas context, to be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (*quoting Pace*, 544 U.S. at 418). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Robertson*, 624 F.3d at 784. Petitioner neither alleges nor establishes that an extraordinary circumstance prevented him from timely filing his habeas petition, and he fails to show that he acted with sufficient diligence so as to warrant equitable tolling of the one-year period.

A claim of actual innocence may also allow a habeas petitioner to overcome AEDPA's one-year limitations period. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To support a claim of actual innocence, a petitioner "'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)). Petitioner offers no new evidence sufficient to meet this standard. Accordingly,

Petitioner's habeas corpus petition is untimely.

### III. Conclusion

For the reasons set forth above, Respondent's motion for dismissal is **GRANTED**. (ECF No. 9.) The petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**. (ECF No. 1.)

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, petitioners may meet the substantial showing threshold by demonstrating that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). But when a district court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable both whether the petitioner states a valid claim of the denial of a constitutional right,

10

and whether the district court was correct in its procedural ruling. *Id.* at 484–85. In this case, jurists of reason could not find the Court's procedural ruling that the habeas petition is untimely debatable. Accordingly, the Court **DENIES** a certificate of appealability.

Finally, the Court finds for the reasons above that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal.

IT IS SO ORDERED.

Dated: August 4, 2022   s/Judith E. Levy
Ann Arbor, Michigan     JUDITH E. LEVY
                        United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 4, 2022.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager