# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Myron Tyrone Williams,

        Petitioner,        Case No. 21-11569

v.        Judith E. Levy
        United States District Judge

Chandler Cheeks,

        Mag. Judge Patricia T. Morris

        Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY [16] AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS [15]

Petitioner Myron Tyrone Williams filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 4, 2022, the Court granted Respondent's motion to dismiss the petition because it was untimely. (ECF No. 12.) The Court also declined to issue a certificate of appealability (COA), and denied Petitioner leave to proceed *in forma pauperis* on appeal. (*Id.*) Now before the Court are Petitioner's motion for a COA and application for leave to proceed *in forma pauperis* on appeal. (ECF Nos. 15, 16.) Because the Court already decided these issues, the Court construes Petitioner's motions as requests for reconsideration.

Eastern District of Michigan Local Rule 7.1(h) governs motions for rehearing or reconsideration of non-final orders. Such motions are "disfavored" and "must be filed within 14 days after entry of the order." E.D. Mich. LR 7.1(h)(2). The Court's opinion was issued on August 4, 2022. Petitioner's motions were filed 25 days later, on August 29, 2022.[1] As such, his requests for reconsideration are untimely.

Even if Petitioner's requests were timely filed, Petitioner has not satisfied the substantive requirements for reconsideration. To prevail on a motion for reconsideration of a non-final order under Eastern District of Michigan Local Rule 7.1(h)(2), a movant must establish (i) a mistake by the Court and that "correcting the mistake changes the outcome of the prior decision," (ii) an "intervening change in controlling law" that "warrants a different outcome," or (iii) new facts that "warrant a different outcome." This standard is comparable to the standard for altering or amending a judgment under Federal Rule of Civil Procedure 59(e). *See*

---

[1] Under the "prison mailbox rule," a pro se prisoner's pleading is deemed filed when it is handed over to prison officials for mailing to the court. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Courts assume, "absent contrary evidence," that an incarcerated person delivered a legal filing to prison authorities "on the date he or she signed [it]." *Id.* Because Petitioner is incarcerated, the Court deems his motions to be filed on August 29, 2022, the date they were signed.

*Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (stating that "[a] district court may grant a Rule 59(e) motion to alter or amend judgment only if" a movant demonstrates that there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice" (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005))). A mistake by the Court must be "based on the record and law before the court at the time of its prior decision." E.D. Mich. LR 7.1(h)(2)(A). A motion based on new facts must demonstrate that those facts "could not have been discovered with reasonable diligence before the prior decision." *Id.* at 7.1(h)(2)(C). A party may not use a motion for reconsideration to raise new legal arguments that could have been raised before the prior decision was issued. *See Johnson v. Ford Motor Co.*, 13 F.4th 493, 503–04 (6th Cir. 2021); *Direct Constr. Servs., LLC v. City of Detroit*, 820 F. App'x 417, 428 (6th Cir. 2020); *Livonia Pub. Schs. v. Selective Ins. Co. of the Se.*, No. 16-cv-10324, 2020 WL 728540, at *5 (E.D. Mich. Feb. 13, 2020); *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007).

Here, Petitioner's motion and application satisfy none of the grounds for reconsideration. The motion does not present any new facts

3

not already included in the petition that would warrant a different outcome. Nor does Petitioner demonstrate that the Court made a mistake in its application of *Williams v. Birkett*, 670 F.3d 729, 733 (6th Cir. 2012), and *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), to the facts alleged in the petition or that there has been an intervening change in this controlling law.

Accordingly, the Court DENIES Petitioner's Motion for a Certificate of Appealability (ECF No. 16) and Application to Proceed *In Forma Pauperis* (ECF No. 15).

IT IS SO ORDERED.

Dated: September 19, 2022   s/Judith E. Levy
Ann Arbor, Michigan   JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 19, 2022.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager