UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Myron Tyrone Williams,

          Petitioner,      Case No. 21-11569

v.                                 Judith E. Levy
                                 United States District Judge

Chandler Cheeks,

                                 Mag. Judge Patricia T. Morris

          Respondent.

_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT [20]

Petitioner Myron Tyrone Williams filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On August 4, 2022, the Court granted Respondent's motion to dismiss the petition as untimely and entered judgment against Petitioner. (ECF Nos. 12, 13.) The Court also declined to issue a certificate of appealability ("COA") and denied Petitioner leave to proceed *in forma pauperis* on appeal. (ECF No. 12, PageID.3492–3493.) On August 29, 2022,[1] Petitioner filed a motion

---

[1] Under the "relaxed filing standard" of the prison mailbox rule, a *pro se* prisoner's pleading is considered filed on the date it is handed over to prison officials for mailing. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citation omitted). Absent contrary evidence, it is presumed that a prisoner hands over a pleading on

for a COA and an application to proceed *in forma pauperis* on appeal.[2] (ECF Nos. 15, 16.) Because the Court already decided these issues, the Court construed Petitioner's motions as requests for reconsideration and denied reconsideration on September 19, 2022. (ECF No. 19.) On October 27, 2022, Petitioner filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6). (ECF No. 20.) For the reasons set forth below, Petitioner's motion is denied.

Under Rule 60(b)(6), a district court may grant relief from a final judgment or order for "any other reason justifying relief." Fed. R. Civ. P. 60(b)(6). "Rule 60(b)(6) should apply 'only in exceptional or extraordinary

---

the date it is signed. *Id.* Here, Petitioner signed the relevant filings on August 29, 2022. (*See* ECF No. 14, PageID.3495; ECF No. 15, PageID.3498; ECF No. 16, PageID.3526.)

[2] The same day, Petitioner also filed a notice of appeal (ECF No. 14), which was sent to the Sixth Circuit. (ECF No. 18.) On September 22, 2022, Petitioner filed a "motion for pauper status" with the Sixth Circuit. Petitioner-Appellant's Motion at 2, *Williams v. Cheeks*, No. 22-1784, 2022 WL 17480088 (6th Cir. Nov. 29, 2022), ECF No. 3. On November 29, 2022, the Sixth Circuit issued an order construing Petitioner's notice of appeal as an application for a COA, denying Petitioner's application for a COA, and denying Petitioner's application to proceed *in forma pauperis* as moot. *Williams*, 2022 WL 17480088, at *1, 4. Consistent with this Court's decision, the Sixth Circuit held that "Williams's second motion for relief from judgment was not properly filed under state law and, since not properly filed, did not stop the federal clock" and that "Williams's § 2254 petition thus is time-barred." *Id.* at *2.

2

circumstances which are not addressed by the first five numbered clauses of the Rule.'" *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (quoting *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)); *see also Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) ("[A] movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment."). It may be invoked only in those "unusual and extreme situations where principles of equity *mandate* relief." *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015) (emphasis in original) (quoting *Olle*, 910 F.2d at 365).

The arguments in Petitioner's motion are difficult to discern. Petitioner appears to argue that the Court erred in construing his motions for a COA and to proceed on appeal *in forma pauperis* as requests for reconsideration "without allowing [him] to withdraw his pleading." (*See* ECF No. 20, PageID.3589–3590, 3592–3593.) A district court may not recharacterize a *pro se* litigant's pleading as a habeas petition under § 2254 without first notifying the litigant and giving the litigant an opportunity to withdraw the pleading. *Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004). However, no such restriction applies to a petitioner's

3

motions seeking a COA or to proceed *in forma pauperis* on appeal.[3] Even assuming the Court erred in construing Petitioner's motions as seeking reconsideration, "[a] claim of strictly legal error falls in the category of 'mistake' under Rule 60(b)(1) and thus is not cognizable under 60(b)(6) absent exceptional circumstances." *Hopper*, 867 F.2d at 294. And Petitioner fails to explain how the Court's decision to treat his motions as if they were seeking reconsideration constitutes exceptional or extraordinary circumstances or why equity mandates relief. Accordingly, the Court did not err in construing Petitioner's motions as seeking reconsideration, and Petitioner is not entitled to relief under Rule 60(b)(6) on this basis.[4]

---

[3] Courts generally construe filings from *pro se* litigants liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In fact, the Sixth Circuit's subsequent order in this very case construed Petitioner's notice of appeal as an application for a COA without notice to Petitioner. *See Williams*, 2022 WL 17480088, at *1; *see also Johnson v. Bell*, 605 F.3d 333, 341 (6th Cir. 2010) (construing notice of appeal as application for COA).

[4] Petitioner also appears to assert that he was entitled to thirty days to file a motion for a certificate of appealability after the Court issued its August 4, 2022 opinion and order. (*See* ECF No. 20, PageID.3592–3593.) But Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court requires a district court to issue or deny a certificate of appealability at the time of a final adverse order. As such, Petitioner is not entitled to relief from judgment on this basis.

For the reasons set forth above, Petitioner fails to show he is entitled to relief and the motion for relief from judgment (ECF No. 20) is DENIED.

IT IS SO ORDERED.

Dated: July 10, 2023               s/Judith E. Levy
Ann Arbor, Michigan           JUDITH E. LEVY
                                              United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 10, 2023.

                                              s/William Barkholz
                                              WILLIAM BARKHOLZ
                                              Case Manager